IN THE

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by PG D.C.

JUL 06 2017

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. -- MIAMI

EDGARDO SENSI, ]
Plaintiff, ]
]
v. ] Case No. 2:17-cv-14045-RLR
]
ELIZABETH A. METZGER, ]
MARSHA EWING, ]
BRIAN BROUGHTON, ]
PATRICK COLASUONNO, ]
ROBERT J. WATSON, ]
RICHARD KIBBEY, ]
JOSHUA DECKARD, ]
EDWARD GALANTE, ]
Defendants. ]

MOTION FOR RECONSIDERATION OF THE DISTRICT COURT'S
JUNE 5, 2017 DENIAL ORDER: FOR ALTERNATIVE
28 USC §1651 ALL WRITS ACT

COMES NOW the Plaintiff, Edgardo Sensi, pro-se in the above captioned cause, moves this Honorable Court pursuant to Rule 59(e) of the Fed. R. Civ. P., to reconsider its June 5, 2017 denial of the Plaintiff's deferred 42 USC §1983 action via its acceptance of the Magistrate's recommendation, and reopen these proceedings or defer to the appropriate writ via

INTRODUCTION

On February 6, 2017, the Plaintiff, Edgardo Sensi, an inmate currently incarcerated at the United States Penitentiary Tucson, filed a pro-se Motion to Refer for Indictment against the instant Defendants which this Court initially construed as a 28 USC §2241 petition (DE#1). The case was assigned to the United States District Judge Robin L. Rosenberg on February 6 (DE#2), who assigned the case to her Magistrate, Patrick A. White, on the same date (DE#3). An initial filing fee of $5.00 was filed on March 17, 2017 (DE#5) and an order for an Amended Complaint to a 28 USC §1983 action was ordered on March 17 (DE#6). The Plaintiff filed his timely pro-se Amended Complaint under 28 USC §1983 on May 12, 2017 (DE#13).

Magistrate White's Report and Recommendation was entered and docketed on May 18, 2017, recommending dismissal of this action (DE#14), which the Plaintiff received from prison officials on May 30th, 2017. The Plaintiff immediately moved this Court by submitting a Motion for Extension of Time for 30 days in which to make his objections to the the Report and Recommendation. This motion was submitted 13 days after the R&R was filed (DE#18).

Subsequently, the Plaintiff received this Court's order granting the Report and Recommendation for dismissal, dated June 5, 2017 (18 days after the R&R was filed), on June 14 (DE#19). On the same day, June 14, the Plaintiff also

Filing an objection to the Report and Recommendation is a due process privilege of which the Plaintiff invoked with his Motion for Extension of Time (DE#18), which was submitted to prison staff for mailing on May 30, 2017, exactly 13 days after the Report and Recommendation was filed, thus timely, and on the same day that said R&R was received by the Plaintiff. Huston v. Lack 487 US 266 (1988) holds that "prisoners' filings with prison authorities for forwarding to the District Court is considered filed in the District Court regardless of when the Court received it." Id.

Furthermore, the Plaintiff had submitted on May 19, 2017, a Motion for Judicial Notice. This motion was filed by the District Court on May 23 (DE#15) whereby the Plaintiff brings to the attention of the honorable Court a serious problem with the mailroom's staff at the USP Tucson. The motion details specific incidents of the staff's mishandling and mislabeling of legal mail being sent to the Court by the Plaintiff. The motion also advises the Court, with its conclusion, that the "mailroom at the USP Tucson may potentially, in the future, inappropriately handle the Plaintiff's mail causing unnecessary delay, tampering or even disappearance of outgoing or incoming Legal Mail or Court Mail on behalf of the Plaintiff."

Considering it takes approximately six days for prisoners' mail in Arizona to be received in the District Court, the Plaintiff's immediate mailing on May 30, 2017, of his Motion for Extension of Time, received by the Court on

Therefore, the Plaintiff, Edgardo Sensi, should be construed as having filed all of his motions, in particular the Motion for Extension of Time, on a timely basis, thereby allowing the Plaintiff to correct the misrepresentations of his claims in an objection to the R&R as itemized in the following "statement of facts," to wit:

PLAINTIFF replies: INCORRECT. The Plaintiff's "Amended Complaint" has accurately detailed EACH of the numerous unlawful and conspiratorial acts by the Defendants which started on September 9, 2008, and include, but are not limited to, blatant perjurious testimony of two of the Defendants in District Court in Connecticut on June 8, 2010 (DE#13-1:Items 108-118) and January 31, 2012 (DE#13-1:Items 18-33). The ongoing concealment and denial of these criminal acts have culminated as recently as June 7, 2016, with the filing by the Martin County Sheriff's Office (MCSO) of the extremely stale and invalid search warrant affidavit, search warrant and inventory (which were supposedly prepared EIGHT YEARS prior) with the current Clerk of the Circuit Court of Martin County (DE#13-2:2-5 and Items 34-37).

---

3. DE#14:5 COURT states: "... and (these actions are) related to a state court conviction in case no. 2008-00010166."

PLAINTIFF replies: INCORRECT. There has NEVER been ANY conviction of the Plaintiff, Edgardo Sensi, of ANY crime in the state of Florida. Note that the case number cited was amended, at some point unknown to the Plaintiff, to 2008-001258-A. ALL charges on this case were ruled "Nolle Prosequi" on February 10, 2012, by Erin D. Kirkwood, Assistant State Attorney (DE#13-2:30,31,51). As the Court is aware, "Nolle Prosequi" is NOT a conviction, but in the instant case was

Hutton, Criminal Department Manager of the Clerk of the Circuit Court for Martin County clearly indicates, the Clerk's office had "to track down the 'original' documents from the Martin County Sheriff;s office" (DE#13-2:2), certainly not an action that the Plaintiff's "inquiry" could initiate, but rather a concerted effort by the current Clerk's office to determine why these Court documents were suspiciously NEVER filed with the Court in 2008, as mandated by the Florida Rules governing search warrants.

---

6. DE#14:5 COURT states: "The Plaintiff sues the defense attorneys who represented him ... (and) alleges they failed to effectively represent him ..." (DE#13-2:44-65)

PLAINTIFF replies: The four private defense attorneys retained by the Plaintiff and named as Defendants hardly "failed to effectively represent him." The indisputable forensic documentation presented by the Plaintiff throughout his §1983 complaint clearly indicates that the Defendants were EACH involved in criminal collusion with the MCSO as part of the ongoing unlawful conspiracy against the Plaintiff. Why the Court has not turned this evidence over to the United States Attorney for prosecution - as the Plaintiff had done with a letter to Pamela Bondi, Attorney General, in December, 2013 - should be a major concern for all citizens protected from governmental tyranny by the Constitution.

YEARS; documents that were never timely filed with an impartial Court as mandated by Florida state's search warrant statutes; and documents whose very authenticity are seriously doubtful as they also contain altered verbiage and forged signatures of Defendant #1, the Honorable judge Elizabeth A. Metzger. These documents should be ruled invalid and void for falling afoul of the "statute of limitations" (DE#13-2:2-24).

---

9. DE#14:8    COURT states:   "When applying the four-year statute of limitations, by Plaintiff's own admission, the Plaintiff learned of the search warrant about which he complains throughout the amended complaint in 2008."

   PLAINTIFF replies:  Once again, this assertion by the Court is INCORRECT. Unless the Plaintiff was gifted with clairvoyant abilities, how could he possibly have been aware of any improprieties with the search warrant at the time that it was executed at his residence on September 10, 2008? Furthermore, the Plaintiff does NOT "admit" anywhere in the Amended Complaint that he learned of these improprieties in 2008. Defendants #5 Watson, #6 Kibbey, and #7 Deckard, were three of the four paid private defense attorneys that represented the Plaintiff in 2008 and all three were already actively engaged in the criminal collusion and conspiracy against the Plaintiff. As clearly detailed throughout the Amended Complaint, this conspiracy included concealing the many criminal misdeeds of the Defendants from the Plaintiff,

warrant, this is not timely filed."

PLAINTIFF replies: Aside from the Court's usual INCORRECT assertion regarding the timeliness of the Amended Complaint's filing, this statement DOES demonstrate, for the first time, that the United States District Court of the Southern District of Florida AGREES that the Martin County Circuit Court "improperly issued a search warrant," that the Martin County Sheriff's Office "Detectives improperly executed the search warrant," and that the four named "Defense Counsel failed to effectively represent him (Plaintiff) in connection with the issuance of the search warrant ..."

---

12. DE#14:9 COURT states: "For a §1983 action, the statute begins to run from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights ... By Plaintiff's own allegations, the incidents complained of accrued at the latest in 2008."

PLAINTIFF replies: The aforementioned letter from the Office of the Clerk of the Circuit Court in Martin County dated JUNE 7, 2016, (DE#13-2:2,3,4,5) with enclosures, emphatically and indisputably demonstrate and confirm FOR THE FIRST TIME that these crucial Court documents (search warrant, etc.) had been INTENTIONALLY concealed from the Court and the Plaintiff by the MCSO for over EIGHT YEARS for the sole

prosecution of a case i.e. search warrant affidavit, search warrant and inventory, occuring on June 7, 2016 - over EIGHT years after these documents were ostensibly prepared - and with forensic evidence that prove these documents had been altered, falsified and otherwise forged; can ONLY be construed as further evidence of criminal misconduct violating the numerous Constitutional rights of the Plaintiff by the Defendants occuring as recently as June 7, 2016. The frequent and persistent repeating of the false claim by the Court that the Plaintiff "admits" that the actions of this complaint took place "only in 2008" will not make the claims become true, no matter the number of times it is stated as an alternate fact by the Magistrate in his Report and Recommendation.

---

14. DE#14:12 COURT states: "The Plaintiff may refute this conclusion by pointing to the letter he received from the Martin County Clerk of Court ... on June 7, 2016, wherein she state that the ... documents .. were not filed with the clerk in 2008, but were instead filed based on Plaintiff's inquiry in June of 2016 (DE#12-2:2)."

PLAINTIFF replies: The June 7, 2016, letter from Carolyn Timmann, Clerk of Martin County Courts, clearly state that "this office was able to track down the original documents from the Martin County Sheriff's Office" and that "The documents ... were never filed with the Clerk of the Court until this date (June 7, 2016)." A reasonable person

signed search warrant affidavit, search warrant and inventory among their files? Why were her signatures deemed a forgery by a forensic document examiner? All of which point to the lead conspirator, Defendant #3 Det. Brian Broughton, executing an invalid and unlawful search and seizure of property from the Plaintiff's residence on September 10, 2008. The criminal conspiracy surrounding the cover-up of this crime continues the crime, which eviscerates any argument of applying statute of limitations, but certainly supporting the essential argument of violation of the heretofore named Constitutional rights of the Plaintiff by the named Defendants.

---

16. DE#14:12,13 COURT states: "B. Preiser/Heck Bar - ... a claim that challenges a civil rights Plaintiff's incarceration is not cognizable under §1983 until the underlying criminal conviction has been reversed in favor of the criminal defendant;" and DE#14:14 - "In this case, the Plaintiff raises several claims connected to his conviction in Martin County Circuit Court case no. 2008-00010166 as a result of an allegedly invalid search warrant. His claims are Heck-barred."

PLAINTIFF replies: Per item #3 supra, the Plaintiff has NEVER been convicted in Martin County Circuit Court or the state of Florida, thereby negating the Magistrate's assertion that the claims are "Heck-barred."

documents and regarding her role in the overall conspiracy led by Defendant #3 Det. Broughton against the Plaintiff. In any event, as it appears that none of the Federal courts that have been heretofore advised of Judge Elizabeth A. Metzger's judicial misconduct (Martin County Circuit Court, District Court of Connecticut, Second Circuit Appellate Court, United States Supreme Court and the District Court of Southern Florida) are at all concerned by her unlawful and malicious judicial behavior, the Plaintiff will be filing a formal complaint with the Florida Judicial Qualifications Commission in Tallahassee, Florida, for review.

---

18. DE#14:15 COURT states: "The Plaintiff also sues his defense attorneys ... Defense counsel is also immune from §1983 suit, because he is not a state actor, as the statute requires."

PLAINTIFF replies: Defense counsel is ONLY immune if they are public defenders or appointed by the court. All four Defendants #5, #6, #7 and #8 are private defense attorneys in Martin County and were retained and paid by the Plaintiff. As Officers of the Court, these Defendants #5 Watson, #6 Kibbey, #7 Deckard and #8 Galante, all clearly acted "as state actors" and are therefore subject to liability under §1983. Furthermore, per Tower v. Glover 467 U.S. 914, 920, 104 S.Ct. 2820 (1984), "private persons who conspire or act jointly with state officials may act under color of state

However, if probable cause existed for an arrest, then the Fourth Amendment was not violated."

PLAINTIFF replies: Because of the lack of credible investigatory documentation by Defendant #3 Det. Brian Broughton, it will never be known if this corrupt and self-serving officer of the law ever had "probable cause." However, in his own testimonies at both the deposition of November, 2008 and evidentiary hearing in Bridgeport, Connecticut, in June, 2010, he claims to have gone to Defendant #1 Judge Metzger with a search warrant affidavit on September 9, 2008. This would indicate unequivocally that Det. Broughton did NOT have probable cause for a warrantless search, but needed a signed search warrant issued by the Judge of the impartial court. There were NO exigent circumstances surrounding Det. Broughton's unlawful search of the Plaintiff's residence on September 10, 2008.

---

21. DE#14:16 COURT states: "... the Plaintiff alleges that he was falsely arrested pursuant to a search warrant issued and executed in September of 2008."

PLAINTIFF replies: The words "invalid and void" have been wrongfully omitted prior to the words "search warrant."

---

23. DE#14:16 COURT states: "E. Malicious Prosecution ... claim is subject to dismissal because it only accrues upon termination of the prosecution favorably to the Plaintiff."

PLAINTIFF replies: Ibid items #3, #16 and #22 supra. The Plaintiff, Edgardo Sensi, has NEVER been convicted of the Florida state charges stemming from this case.

Judge Elizabeth Metzger, in order to authenticate the falsified list (DE#13-2:11-24); and NO mention of the felonious act of impersonating a judge during a phantom telephone call from an supposed Judge Metzger to Judge Warren Eginton in Bridgeport, Connecticut, on January 30, 2012 (DE#13-1:8-11).

Every factual event described in the over 200 items of the pro-se Plaintiff's Amended Complaint, plus 55 pages of forensic exhibits, articulate with great specificity the blatant and continuous violations of the Plaintiff's Constitutional rights by the eight Defendants, all led by the head conspirator, Defendant #3, Det. Brian Broughton of the MCSO.

Per all the aforementioned reasons, the Plaintiff, Edgardo Sensi, pro-se in the instant cause, moves this Honorable Court, pursuant to Rule 59(e) of the Fed. R. Civ. P., to reconsider its June 5, 2017, denial of the Plaintiff's deferred 42 USC §1983 action via acceptance of the Magistrate's recommendation, and reopen these proceedings or defer to the appropriate writ via 28 USC §1651 All Writs Act.

Attorney General Pamela Bondi

Office of the Attorney General

State of Florida

The Capitol PL-01

Tallahassee, Florida 32399

A true and correct copy of the enclosed motion has also been forwarded to the following media outlets together with a copy of the Plaintiff's Amended Complaint and a Press Release:

Geraldo Rivera, News Anchor

Fox News Headquarters

1211 Avenue of the Americas, 18th Floor

New York, New York 10036

Brad Heath, Judicial Reporter

USA Today

7970 Jones Branch Drive

McLean, Virginia 22108

Leonard J. Pitts, Jr., Investigative Reporter

Miami Herald

One Herald Plaza

Miami, Florida 33132

Keona Gardner, Investigative Reporter

Palm Beach Post

2751 South Dixie Highway

West Palm Beach, Florida 33405

EDUARDO SENSI, #17211-014
UNITED STATES PENITENTIARY TUCSON
P.O. BOX 24550
TUCSON, AZ 85734

CERTIFIED MAIL
7012 3460 0000 6578 1183

⇔17211-014⇔
Clerk Of The Court
Southern District Florida
400 N Miami AVE
U.S. District Court
Miami, FL 33128-7716
United States

LEGAL MAIL







**FEDERAL CORRECTIONS COMPLEX**
**9300 S. WILMOT ROAD**
**TUCSON, ARIZONA 85756**

**DATE:** 7-1-17

The enclosed letter was processed though special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.